**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul LAY, Defendant-Appellant.**

**No. 85–5096.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 7, 1985.

Decided Nov. 1, 1985.

Joseph G. Coker, Jacksboro, Tenn., for defendant-appellant.

Elizabeth S. Tonkin, argued, U.S. Dept. of Interior, Knoxville, Tenn., for plaintiff-appellee.

Before JONES, Circuit Judge and WEICK and PECK, Senior Circuit Judges.

PER CURIAM.

Defendant Paul A. Lay appeals from a district court judgment of civil contempt

upon a finding that he willfully violated three court orders and from an order sentencing him to serve ninety days in jail. After a review of the record we find that the district court did not err nor abuse its discretion. We therefore affirm the judgment and order.

On April 30, 1980, the Government filed a complaint against Lay seeking to require him to perform certain specified remedial work on a mine site as ordered by the Secretary of the Interior pursuant to the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.* (1982). A permanent injunction was entered on June 3, 1980, to enjoin Lay from conducting any future coal mining operations and requiring him to complete the remedial work within 30 days. From June 3, 1980, until August 31, 1984, defendant failed to comply with three separate orders of the court arising from the complaint filed by the Government. The defendant contended as a primary defense that he was financially unable to perform the work required by the orders.

The district court found that the defendant had consciously induced this purported inability to comply by divesting himself of his assets through property and monetary conveyances to other family members. It has been held that self-induced inability to comply with a court order is not a defense in a contempt proceeding. *United States v. Asay,* 614 F.2d 655, 660 (9th Cir.1980). We find that the record clearly supports the district court's finding that the defendant consciously and willfully placed himself in a financial status in order to avoid responsibility for complying with the court orders.

Accordingly, we find that the district court did not abuse its discretion in ordering the defendant to serve a ninety-day sentence as a means of coercing compliance with the court orders for such a course of conduct.

The judgment and order are therefore **AFFIRMED.**