NATIONAL LABOR RELATIONS BOARD, Plaintiff-Appellee,

v.

CINCINNATI BRONZE, INC., Defendant-Appellant.

Nos. 86–3464, 86–3523 and 86–3800.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 13, 1987.

Decided Sept. 21, 1987.

Thomas M. Sheran, Andrew L. Lang, Edward C. Verst, Region 9, NLRB, Cincinnati, Ohio, Aileen A. Armstrong, Abby Simms/Corinna L. Metcalf, argued, NLRB, Washington, D.C., for plaintiff-appellee.

Eugene M. Rothchild, argued, Cincinnati, Ohio, for defendant-appellant.

Before MILBURN and RYAN, Circuit Judges; and EDWARDS, Senior Circuit Judge.

MILBURN, Circuit Judge.

Defendant-appellant Cincinnati Bronze, Inc. ("CBI") appeals from the orders of the district court clarifying its original enforcement order and holding CBI in contempt. For the reasons that follow, we affirm.

## I.

This dispute arises out of the NLRB's attempts to investigate an unfair labor practice charge filed by the United Steelworkers Union. In June 1984, eleven former employees of the defunct Lukenheimer Company began operations at the former Lukenheimer facility. These eleven individuals were equal shareholders in CBI, a newly-formed corporation.

As operations expanded, CBI began to take on new employees. This led to a demand by the United Steelworkers that CBI bargain with the union. CBI refused on the grounds that it did not consider itself a successor to Lukenheimer, and that the Steelworkers did not represent a majority of CBI's employees.

On December 21, 1984, the United Steelworkers filed an unfair labor practice charge against CBI. The NLRB subsequently began an investigation, during the course of which it issued a subpoena duces tecum on February 14, 1985, directing "Cincinnati Bronze, Inc.—Attn: George Frye, President" to appear *to testify in the Matter of Cincinnati Bronze, Inc.* The subpoena further directed the production of the following documents:

For the period December 11, 1984, to the present, your payroll records and all other books, documents and papers showing names, addresses, telephone numbers, *job classifications,* dates of hire, dates of termination or layoffs where applicable and dates of all promotions or changes in job classifications for all individuals employed by Cincinnati Bronze, Inc.

Joint Appendix at 72–73 (emphasis supplied).

CBI refused to comply with the subpoena duces tecum. On May 24, 1985, the NLRB filed an application for enforcement of the subpoena in the district court, and on August 6, 1985, the district court entered an order directing CBI to comply with the subpoena.[1] Enforcement of the order was stayed until August 12, 1985, to afford CBI an opportunity to appeal.

CBI filed a notice of appeal on August 8, 1985. On August 16, 1985, the district court refused to extend the stay. Appeals of the district court's refusal to grant an extension of the stay were denied by this court on September 20, 1985, and by the Supreme Court on October 4, 1985.

Thereafter, on December 18, 1985, the NLRB initiated contempt proceedings. On January 6 and 8, 1986, CBI produced some records containing some of the requested information. *However, CBI's counsel instructed its accountant,* who produced the records, *not to supply any information regarding job classifications* because the information was not contained in the records. This instruction was given despite language in the subpoena requiring the company *to testify and produce documents regarding,* among other things, *job classifications.*

Without the information it sought on job classifications, the NLRB could not continue its investigation. Accordingly, on March 21, 1986, the NLRB filed a motion requesting the district court to rule on the contempt petition. At a hearing on April 16, 1986, CBI took the position that it had complied with the subpoena because it had produced all of its records, and it had no duty to give testimony outside the scope of the documents.

Following the hearing, the district court, on April 16, 1986, ordered CBI to provide the NLRB with "the identity of the employees of the corporation from December 11, 1984, to the present date, the job classifications, and the work performed by each employee." Joint Appendix at 80. The order also required CBI to make an officer available to provide the information before April 21, 1986.

On April 17, 1986, CBI filed a motion for a stay pending appeal and a notice of appeal. On April 21, 1986, the district court denied the motion for a stay, and this court denied a stay on April 23, 1986. A motion for reconsideration of the April 23 order was filed in this court on April 25, 1986, but the motion was denied on May 9, 1986, as being prematurely filed.

The NLRB renewed its motion to hold CBI in contempt on May 1, 1986. At the hearing, the NLRB presented evidence regarding its costs during the course of the enforcement proceedings. The district court awarded the NLRB $2,500.00 in costs and held that CBI would be subject to a fine for every day it refused to supply the requisite information. Finally, by August 14, 1986, CBI fully complied with the subpoena; however, it has failed to pay any portion of the $2,500.00 assessed at the May 1, 1986, hearing.

In this appeal, CBI presents several issues for review; however, much of its brief is devoted to issues concerning the original enforcement order. Those issues are no longer before the court, as the original order enforcing the subpoena was affirmed by this court on December 1, 1986. *See* Appendix 1. CBI has formulated the remaining issues as follows:

(1) whether the district court erred in finding that it had jurisdiction to expand

---

1. The order was affirmed by this court in an unpublished per curiam opinion, *NLRB v. Cincinnati Bronze, Inc.,* No. 85–3646 (6th Cir. Dec. 1, 1986) [811 F.2d 607 (table)], which is attached hereto as Appendix 1.

and modify its order of August 6, 1985, while an appeal was pending;

(2) whether the district court erred in finding it had jurisdiction to issue more than one order of subpoena enforcement, when section 11(2) of the LMRA limits the district court's remedy to the issuance of only one order;

(3) whether the district court erred by holding defendant in contempt without allowing defendant an opportunity to present a defense at an impartial hearing.

In addition to the issues presented by CBI, we must consider the NLRB's request for sanctions pursuant to Rule 38, Federal Rules of Appellate Procedure. The Board argues that sanctions should be awarded because CBI's appeal is frivolous and was filed merely for the purpose of delay.

## II.

### A.

■ CBI argues that it cannot be held in contempt for violating the district court's order of April 16, 1986, because the district court lacked jurisdiction to enter the order while an appeal from the enforcement order of August 6, 1985, was pending. As a general rule, an effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal. *See, e.g., Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378–79, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *Island Creek Coal Sales Co. v. City of Gainesville,* 764 F.2d 437, 439 (6th Cir.), *cert. denied,* 474 U.S. 948, 106 S.Ct. 346, 88 L.Ed.2d 293 (1985); *Ced's Inc. v. United States Environmental Protection Agency,* 745 F.2d 1092, 1095 (7th Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985).

■ However, "the mere pendency of an appeal does not, in itself, disturb the finality of a judgment." *Wedbush, Noble, Cooke, Inc. v. SEC,* 714 F.2d 923, 924 (9th Cir.1983). "[T]he district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 n. 2

(5th Cir.1984). Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment. *Deering Milliken, Inc. v. Federal Trade Commission,* 647 F.2d 1124, 1128–29 (D.C.Cir.) (mem.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978).

We are guided in our consideration of this issue by our recent opinion in *Island Creek Coal,* in which we recognized that the rule depriving a district court of jurisdiction over matters pending on appeal "is neither a creature of statute nor ... absolute in character." 764 F.2d at 439. "Where, as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes." *Id.* at 440. *See also Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976).

■ *Island Creek Coal* supports the proposition that, although a district court may not expand upon an order after the notice of appeal has been filed, it may take action to enforce its order in the absence of a stay pending appeal. This rationale is entirely consistent with decisions from other jurisdictions indicating that expansion of a district court's judgment are not permitted while an appeal is pending. *See, e.g., Ced's Inc.,* 745 F.2d at 1095–96 (district court issued new conclusions of law after original judgment was entered and notice of appeal was filed; new judgment was void because district court was without jurisdiction to amend the original order); *Gryar v. Odeco Drilling, Inc.,* 674 F.2d 373, 375 (5th Cir.1982) (per curiam) (amended judgment entered during pendency of appeal was void; amended order conflicted with terms of original order on appeal); *McClatchy Newspapers v. Central Valley Typographical Union No. 46,* 686 F.2d 731, 734–35 (9th Cir.) (amended order issued after filing of notice of appeal was void), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

As noted above, courts considering this issue have drawn a crucial distinction between enforcement and expansion. To support its argument that the district court in the present case lacked jurisdiction to issue the order of April 16, 1986, CBI relies on several cases falling into the latter category.[2] *See Brasier v. United States,* 229 F.2d 176 (10th Cir.1955), (per curiam) (trial court lacked jurisdiction to allow amendments to pleadings while appeal was pending), *cert. denied,* 351 U.S. 925, 76 S.Ct. 783, 100 L.Ed. 1455 (1956); *Beresh v. Sovereign Life Insurance Co.,* 92 Cal.App.3d 547, 155 Cal.Rptr. 74 (1979) (trial court lacked jurisdiction to consider motion to vacate summary judgment after notice of appeal had been filed); *Tosar v. Sladek,* 393 So.2d 61 (Fla.Dist.Ct.App.1981) (trial court lacked jurisdiction to consider motion to vacate judgment while appeal was pending); *Martin v. Martin,* 5 Kan.App.2d 670, 623 P.2d 527 (1981) (trial court may not modify judgment while appeal is pending); *Harwood v. Harwood,* 283 N.W.2d 144 (N.D.1979) (same).

■ We hold that, under our decision in *Island Creek Coal,* the district court had jurisdiction to enforce and clarify its order of August 6, 1985, by issuing its order of April 16, 1986. Because the April 16, 1986, order required production of nothing outside the scope of the original subpoena enforced by the district court on August 6, 1985, the later order did not represent an expansion outside the jurisdiction of the district court. As in *Island Creek Coal,* the district court merely enforced an order not stayed pending appeal. Accordingly, we reject CBI's argument that the district court lacked jurisdiction to issue the order dated April 16, 1986.[3]

**B.**

■ CBI argues that it was denied due process because it was not permitted a full and fair opportunity to present a defense at the contempt hearing. A civil contemner is entitled to the procedural safeguards afforded by the due process clause:

"Like any civil litigant, a civil contemnor [sic] is ... clearly entitled to those due process rights, applicable to every judicial proceeding, of proper notice and an impartial hearing with an opportunity to present a defense.... Certainly the history of contempt litigation, especially in regard to labor disputes, prescribes extreme care and insistence on the full indicia of due process in contempt cases...."

*Consolidation Coal Co. v. Local Union No. 1784, United Mine Workers,* 514 F.2d 763, 765 (6th Cir.1975) (quoting *Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook R.R.,* 380 F.2d 570, 581–82 (D.C.Cir.), *cert. denied,* 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967)); *see also Walker v. McLain,* 768 F.2d 1181, 1184–85 (10th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 805, 88 L.Ed.2d 781 (1986); *In re Grand Jury Subpoena,* 739 F.2d 1354, 1357 (8th Cir.1984); *United States v. Mitchell,* 556 F.2d 371, 383 (6th Cir.), *cert. denied,* 434 U.S. 925, 98 S.Ct. 406, 54 L.Ed.2d 284 (1977).

Our review of the complete transcript of the contempt hearing convinces us that the district court's alleged "hostility" did not deprive CBI of a fair hearing. CBI's reliance on *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338 (8th Cir.1975), is misplaced.

In *Fisher,* a nonparty witness had been subpoenaed to testify and produce certain records in a Missouri court in connection with litigation pending in a federal district court in Mississippi. On May 2, 1974, the witness appeared without an attorney at the time and place designated for the deposition. He produced only a portion of the documents requested, stating that "I

---

**2.** CBI's reliance on *Schempp v. School District of Abington Township,* 184 F.Supp. 381 (E.D.Pa. 1960) is misplaced, as this decision was vacated by the Supreme Court. *See* 364 U.S. 298, 81 S.Ct. 268, 5 L.Ed.2d 89 (1960).

**3.** Because we conclude that the April 16, 1986, order merely clarified the order of August 6, 1985, we need not consider CBI's argument that "Sec. 11(2) of the Labor Management Relations Act limits the District Court's remedy to the issuance of only one order."

brought what I had." *Id.* at 1339. The witness admitted that other documents existed and were in his possession or that of his auditor, but stated he had been unable to produce them in time for the deposition.

On July 12, 1974, an application for an order compelling enforcement of the subpoena and for sanctions, as well as a motion to hold the witness in contempt, were filed in the district court. A show cause hearing was held on August 16. At this very brief hearing, the witness appeared, again without counsel. He indicated that he had brought with him all of the requested information. The Missouri judge informed the witness that the Mississippi court might admonish him if he failed to comply with the subpoena. The Missouri court later issued an order holding the witness in contempt and assessing costs and attorneys' fees in the amount of $719.05.

The court of appeals concluded that the contempt sanctions could not be upheld because the witness' due process rights had been violated. Although he received sufficient notice, he was not "given a reasonable opportunity to be heard in his own defense or to give reasons for his behavior." *Id.* at 1342.

> In order for the appellant to have been heard in a meaningful manner, it seems the district court was under a duty to advise the appellant of his right to have counsel present and his right to present an explanation of his actions. At the very minimum the court should have made sure the appellant understood the purpose of the hearing and the probable consequences, and it should have requested the appellant to make explanatory statements concerning his non-responsive acts. Evidence as to costs and expenses to be taxed should have been presented in open court. To allow the appellant to leave the courtroom without a full understanding of what had transpired did not comport with due process. Therefore, the appellant must be given another opportunity to explain his position, present his defense and question the items of claimed expense.

*Id.* at 1343.

The circumstances in *Fisher* were more egregious than those in the present case.

The contemner in *Fisher*, as a layman, presumably had no indication that he could be held liable for costs and attorneys' fees resulting from his failure to comply with the subpoena. Moreover, the Missouri judge had given him no indication that such sanctions might be imposed as a result of the August 16 hearing. As the court noted, "[i]t is reasonable to believe when Fisher left the courtroom that he had no idea he had been found in contempt or would be ordered to pay appellees' expenses." *Id.* at 1342–43.

The facts of *Fisher* supported a compelling argument that the contemner's due process rights had been denied. We find no support for such an argument here, and we therefore decline to apply *Fisher* on the facts of the present case.

## C.

Having concluded that CBI's arguments are without merit, we must now consider whether the district court abused its discretion in issuing a contempt citation. *See United States v. Lay,* 779 F.2d 319, 320 (6th Cir.1985) (per curiam). "The standard requires the petitioner in a civil contempt case to prove by clear and convincing evidence that the respondent violated the court's prior order." *In re Newton,* 718 F.2d 1015, 1022 (11th Cir.1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984); *see also In re Jaques,* 761 F.2d 302, 306 (6th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 570 (1986).

"In contempt proceedings, 'the basic proposition [is] that all orders and judgments of courts must be complied with promptly.'" *Jim Walter Resources, Inc. v. International Union, United Mine Workers,* 609 F.2d 165, 168 (5th Cir.1980) (quoting *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975)). "[T]he power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by

law." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450, 31 S.Ct. 492, 501, 55 L.Ed. 797 (1911). A litigant may be held in contempt if his adversary shows by clear and convincing evidence that "he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir.1981).

■ In the present case, CBI's refusal to comply with the district court's order of April 16, 1986, was clear. Despite repeated assurances that compliance was forthcoming, CBI did not provide the information required by the subpoena duces tecum until August 14, 1986, almost one and one-half years after the subpoena was issued. Under these circumstances, we hold that the district court did not abuse its discretion by holding CBI in contempt. *See Massachusetts Association of Older Americans v. Commissioner of Public Welfare*, 803 F.2d 35 (1st Cir.1986) (contempt order upheld when commissioner failed to comply with prior judgment of district court); *Jaques*, 761 F.2d at 306–07 (contempt citation upheld when attorney failed to comply with order to appear for trial and misrepresented reasons for noncompliance); *First Financial Group*, 659 F.2d at 670 ("[a]ppellants' persistent refusal to comply with the district court's orders throughout this litigation justified the district court's imposition of this [contempt] sanction.").

### D.

Finally, we must consider the NLRB's request for sanctions pursuant to Rule 38, Federal Rules of Appellate Procedure. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

"Frivolity, like obscenity, is often difficult to define. With courts struggling to remain afloat in a constantly rising sea of litigation, a frivolous appeal can itself be a form of obscenity. Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal." *WSM, Inc.*

*v. Tennessee Sales Co.*, 709 F.2d 1084, 1088 (6th Cir.1983). Although the term frivolity is not easily defined, it is generally recognized that an appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Dallo v. INS*, 765 F.2d 581, 589 (6th Cir.1985).

■ We conclude that the present appeal represents the latest in a seemingly endless series of attempts by CBI to frustrate the NLRB's efforts to obtain relief to which it was clearly entitled. This court has not hesitated to impose Rule 38 sanctions under circumstances similar to these. *See, e.g., Schoffner v. Commissioner*, 812 F.2d 292 (6th Cir.1987) (per curiam); *Sisemore v. United States*, 797 F.2d 268 (6th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 173, 93 L.Ed.2d 110 (1986); *Dallo*, 765 F.2d at 589; *Reynolds v. Humko Products*, 756 F.2d 469, 473–74 (6th Cir.1985); *TIF Instruments, Inc. v. Colette*, 713 F.2d 197, 201 (6th Cir.1983).

Moreover, costs and attorneys' fees may be assessed against counsel personally if he unreasonably and vexatiously multiplies legal proceedings. *See* 28 U.S.C. § 1927; *Dallo*, 765 F.2d at 589–90; *Reynolds*, 756 F.2d at 473–74. We conclude that, on this record, an award of fees and double costs is appropriate.

However, we recognize the value of a hearing to determine the appropriate amount and the proper allocation of fees and costs between the culpable parties. Accordingly, this case is remanded to the district court for further proceedings.

[T]he district court will have an opportunity on remand to determine whether the appellant or [its] attorney was the moving party at various steps of the proceeding; whether the attorney recommended or urged the client to file and proceed with the appeal; or whether the client insisted that the appeal be filed and prosecuted, against the advice of his attorney.

*Reynolds*, 756 F.2d at 474. On the basis of these factors, "[t]he district court shall make each of them responsible for that

portion of the amount determined, as it deems appropriate, without recourse against the other." *Colette*, 713 F.2d at 201.

### III.

The judgment of the district court is AFFIRMED. This case is REMANDED for a hearing on the amount and allocation of double costs and attorney's fees to which the NLRB is entitled.

### APPENDIX 1

National Labor Relations Board, *Plaintiff-Appellee,*

v.

Cincinnati Bronze, Inc., *Defendant-Appellant.*

No. 85–3646

United States Court of Appeals
Sixth Circuit

Decided and Filed December 1, 1986

ON APPEAL from the United States District Court for the Southern District of Ohio.

Before MILBURN and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.[*]

PER CURIAM.

The National Labor Relations Board wanted to obtain certain information from Cincinnati Bronze, Inc. ("CBI"). On February 4, 1985, it issued a subpoena to Cincinnati Bronze for that information. The subpoena was served by certified mail, to the attention of CBI's president. Unfortunately, and in contravention of the Board's rules, 29 C.F.R. § 102.111(b), the Board did not serve a copy of the subpoena on CBI's attorney. This violation of the Board's rules is blameworthy and should not be repeated. However, CBI's internal communication was sufficiently effective that CBI objected to the issuance of the subpoena within three days, and well within the period for timely objection.

CBI has shown no prejudice from the absence of strict compliance with the Board's rule, and it has in fact complied by producing all material requested in the original subpoena. CBI contended for this proposition in its brief (pp. 2, 3), and counsel for the NLRB conceded at oral argument that full compliance had been effected.

There remain, however, pending actions and appeals whose outcome may rest on the validity of the original subpoena. Therefore, we will address that issue. In this case, there was not only no actual prejudice shown, no prejudice has been alleged or even conjectured. Actual notice reached counsel promptly and counsel responded on the merits. We do not here define what possibility of prejudice might be sufficient to invalidate some future subpoena, and we caution the NLRB that deviations of this type will not invariably be held to be harmless.

In this instance, however, we believe the holding in *NLRB v. Playskool, Inc.*, 431 F.2d 518 (7th Cir.1970), covers the situation. There, respondents' attorneys were also not served with copies of the subpoenas. The court there enforced the subpoenas, noting that the specific respondents were personally served and that timely petitions to revoke were filed by the respondents.

The Order enforcing the subpoena is AFFIRMED.