863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis L. RODGERS, Plaintiff-Appellant,
v.
Sgt. Joseph MARKEY, Individually and In His Official
Capacity; Det. Norman Sherwood, Individually and In
Official Capacity; Cleveland Safety Director, Individually
and In Official Capacity; City of Cleveland; Cleveland
Police Department; Ohio State Attorney General,
Individually and In Official Capacity; John Doe; Jane Doe,
Defendants-Appellees.
 No. 88-3420.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for counsel and for in forma pauperis status on appeal from the district court's order denying a motion for contempt in this prisoner's civil rights case brought under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff sued the defendants to obtain the return of property seized by the defendants during the course of a criminal investigation. The district court entered an order dismissing the case but requesting the defendants to return the property to the plaintiff. When the defendants did not promptly return the property, the plaintiff filed a motion for contempt. After the defendants returned part of the property and provided information that the state court of appeals held the rest of the property, the district court denied the contempt motion.
 
 
 3
 When the district court rules on a contempt motion, the standard of review is abuse of discretion. NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 590 (6th Cir.1987). In order to provide the basis for a contempt action, an order must be clear and specific. Polo Fashions, Inc. v. Stock Buyers Int'l, Inc., 760 F.2d 698, 700 (6th Cir.1985), cert. denied, 107 S.Ct. 2480 (1987).
 
 
 4
 In the present case, the district court's order did not require the defendants to return the property; the court merely requested the defendants to cooperate. Moreover, the defendants did return to the plaintiff all the property in the defendants' possession. On these facts, the district court did not abuse its discretion when it denied the motion for contempt.
 
 
 5
 Therefore, the motions for counsel and for in forma pauperis status are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the appeal is without merit.