919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mack WALLACE, Plaintiff-Appellant,
v.
James VANDEVER, Warden, Michael Kendricks, Postal
Supervisor, Defendants-Appellees.
 No. 90-6220.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge*.
 
 ORDER
 
 2
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 A review of the record indicates that the district court entered an order on November 22, 1989, dismissing the case. On November 29, 1989, the appellant served a motion to vacate judgment. A motion which seeks reconsideration of a judgment and which is served within ten days of entry of a judgment is properly construed as a time-tolling Fed.R.Civ.P. 59(e) motion. The motion for relief was served within ten days of entry of the judgment and tolled the appeal period. See Fed.R.App.P. 4(a)(4); Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74 (1989). The district court denied that motion by order entered August 16, 1990. Appellant appealed from that order. Thirteen days later, the district court granted appellant's motion to reconsider and vacated its earlier orders as the case had been dismissed due to no fault of the appellant. The district court then granted appellant's request to proceed in forma pauperis, and referred the matter to a magistrate.
 
 
 4
 The district court improperly granted appellant's motion to reconsider and vacated its earlier orders after appellant filed a timely notice of appeal. An effective notice of appeal divests the district court of jurisdiction over matters forming the basis of the appeal. See NLRB v. Cincinnati Bronze Inc., 829 F.2d 585, 588-89 (6th Cir.1987).
 
 
 5
 However, the district court clearly desires to hold further proceedings in this case. Therefore, we will construe the district court's September 7, 1990, order as an indication of an intention to grant relief from judgment under Fed.R.Civ.P. 60(b). The proper procedure is then for this court to remand the case to the district court. First National Bank v. Hirsch, 535 F.2d 343, 346 (6th Cir.1976).
 
 
 6
 Accordingly, the November 22, 1989, judgment of the district court is vacated, and the case is remanded for further proceedings.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation