961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GRANADA INVESTMENTS, INC., Plaintiff-Appellee,
v.
DWG CORPORATION; Victor Posner; Steven Posner; Melvin R.
Colvin; Bernard I. Posner; Russell A. Boyle; Marco B.
Loffredo, Jr.; H. Douglas Kingsmore; Martin J. Posner;
Brenda Nestor Castellano, Defendants-Appellants,
William L. Pallot; Thomas A. Pendergast; Roger D. Stake,
Defendants-Appellees,
Fairview Financial Corporation; G.H. Enterprises, Inc.;
Peter F. Pelullo; Global Financial Corporation;
Leonard A. Pelullo, Third Party
Defendants-Appellees,
George P. Hellhake; Jessie B. Hellhake; Paul R. Hellhake,
Objecting Shareholders-Appellees.
 Nos. 92-3064, 92-3167, 92-3252, 92-3289 and 92-3344.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1992.
Rehearing and Rehearing En Banc
Denied June 23, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Presently pending before the court are four appeals (Case Nos. 92-3064/3167/3252/3344) and a petition for a writ of mandamus (Case No. 92-3289), all filed by the defendant, DWG, and other individual defendants. These appeals are taken from post-judgment orders entered by the district court following a final judgment and order which adopted a stipulation of settlement by the parties. The stipulation and settlement was also the subject of appeals brought by objecting shareholders. We have issued an opinion affirming the district court's approval of the settlement agreement. See Granada Investments, Inc. v. DWG Corp., et al., --- F.2d ----, Sixth Circuit Nos. 91-3297/3343/3399/3402/3407 (Apr. 30, 1992).
 
 
 3
 The latest appeals have resulted in a number of motions. Presently before the court are 1) the defendants' motion for a stay of all district court proceedings pending resolution of these appeals and a renewal of that motion in 92-3344; 2) a motion to remand Case No. 92-3167 to the district court for entry of an order vacating that court's provisional order of February 14, 1992; 3) a motion by the Special Committee to suspend the rules and permit it to file a motion to dismiss and respond to the defendants' motion for a stay; 4) a motion by plaintiff to disqualify counsel for the defendant, DWG; and 5) a petition for a writ of mandamus directing the district court to vacate an order denying a motion to recuse and to vacate all subsequent orders. Responses in opposition to these motions as well as supplemental pleadings in support have also been filed.
 
 
 4
 We first consider the petition for a writ of mandamus. In seeking the recusal of the district court judge, the defendants (with the exception of three individual defendants) allege that the court improperly communicated with the three directors appointed by the court in the final judgment. They charge the district court with planning litigation strategy with these directors and having been improperly biased by these communications. Defendants argue that these communications establish bias under 28 U.S.C. § 144 and § 455(b)(1) and the appearance of impropriety under 28 U.S.C. § 455(a).
 
 
 5
 We are of the opinion that the writ should not be granted. Fed.R.App.P. 21(b). Although it may have been preferable to place such communications on the record, it appears that all parties contemplated at the time of the settlement that the court-appointed directors would discharge their "watchdog" duties by reporting to the court. The fact that those communications occurred does not mandate recusal, and we will not direct recusal in this case. See Bradley v. Miliken, 620 F.2d 1143 (6th Cir.1980).
 
 
 6
 The defendants have also moved for a stay of all proceedings in the district court pending resolution of these appeals. The factors to be weighed in evaluating a request for a stay are well established. Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150 (6th Cir.1991). In a prior order, this court stayed the February 14, 1992, order since it granted injunctive relief in advance of notice and hearing. We cannot conclude, however, that further action in this post-judgment matter must be stayed. The mere filing of a notice of appeal does not divest a district court of jurisdiction to enforce its judgment so long as the judgment has not been stayed. NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588-89 (6th Cir.1987). The final judgment adopting the settlement has not been stayed by this court; therefore, the district court can act to enforce that judgment.
 
 
 7
 All of the orders appealed in Case Nos. 92-3064/3167/3252/3344 are preliminary to any actual finding of contempt against either DWG or the individual defendants. But for the prior entry of the judgment approving the settlement, these orders would be interlocutory. Here, the defendants may appeal from any finding of contempt which may be made in the future. We conclude that these appeals have been prematurely brought to this court, and decline to exercise jurisdiction.
 
 
 8
 Additionally, the district court has certified in an order that it is inclined to grant the plaintiff's motion to vacate the order of February 14, 1992, upon remand of the appeal from that order. Such remand shall be granted. The subsequent orders entered by the district court do not approach the extent of the injunctive relief provided for in that order. Our disposition of these appeals renders moot the motion for suspension of the rules by the special committee and the plaintiff's motion to disqualify the counsel for DWG.
 
 
 9
 This order shall not be construed as expressing any opinion as to future action by the district court in this matter or the possibility that future action by the district court may result in additional appeals to this court and new requests for relief.
 
 
 10
 Therefore, it is ORDERED that the petition for a writ of mandamus (Case No. 92-3289) is denied. The motion for a stay of all proceedings is denied. The motion to remand Case No. 92-3167 to allow the district court to vacate the order of February 14, 1992, is granted. Case Nos. 92-3064/3252/3289/3344 are dismissed from this court's docket. All other motions are denied.
 
 
 
 *
 The Honorable James P. Churchill, United States Senior District Judge for the Eastern District of Michigan, sitting by designation