33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger LA FORTE, et al., Plaintiffs,
Perry T. Christy, Attorney-Appellant,
v.
LORRAINE CAB COMPANY, et al., Defendants,
Eric M. Garver, Non-Party-Appellee.
 No. 93-1622.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1994.
 
 Before: MARTIN, NELSON, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Attorney Perry Christy appeals the district court's order holding him in civil contempt of court for failing to comply with a number of court orders. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 In 1986, Perry Christy was retained to represent Roger La Forte, Dudley Hoffman, and Patricia Hoffman in a suit arising out of an automobile accident in Wayne County, Michigan. During discovery, Christy attempted, on numerous occasions, to take the deposition of Eric Garver, an orthopedic surgeon who practices in Fairfield County, Connecticut. Over a fifteen-month period, Christy repeatedly scheduled, then cancelled, often at short notice, Garver's deposition. Becoming frustrated with what he viewed as Christy's unreasonable demands and abusive manner, Garver moved the district court for a protective order on August 18, 1988.
 
 
 3
 Christy was given notice of Garver's motion and an opportunity to respond. In his brief, and again during oral argument on August 30, Christy challenged the veracity of the vast majority of Garver's factual allegations, characterized Garver's request for payment of a witness fee as "criminal," maintained that the district court lacked jurisdiction to grant the motion because Garver had been served with a subpoena by the United States District Court for Connecticut, and mocked Garver's request for accommodation of his schedule. At the conclusion of the August 30 hearing, the district court orally granted Garver's motion, assessed costs against Christy in the amount of $1,250, and ordered Christy to pay $500 to Garver to compensate the doctor for his time.
 
 
 4
 On January 12, 1989, the district court entered a written order, which incorporated the earlier oral order, assessing fees and costs in the amount of $1,750 to Christy. Although Christy filed a timely notice of appeal, this Court dismissed the appeal for want of prosecution on March 24, 1989.
 
 
 5
 Over the next year, Christy failed to make any payments in satisfaction of the district court's August 1988 and January 1989 orders. Accordingly, on January 19, 1990, Garver filed a motion requesting $700 in additional attorney's fees incurred while attempting to collect the $1,750 award. Garver also moved for an order holding Christy in contempt of court for failing to comply with the district court's orders.
 
 
 6
 Christy failed to respond to either motion, choosing instead to file on February 9 an affidavit of bias or prejudice asserting that the district judge was required to recuse himself under 28 U.S.C. Secs. 144, 455. As grounds for disqualification, the affidavit relied on a series of allegedly biased judicial rulings and the fact that the district court had suggested that the Michigan Attorney Grievance Commission investigate Garver's complaints regarding Christy's conduct. On May 30, the district judge denied Christy's disqualification motion, finding the proffered affidavit both untimely and insufficient to establish that he had a personal bias or prejudice against Christy or Christy's clients. The district court also ordered Christy to comply with its prior assessment of costs or show cause why he should not be held in contempt of court. This Court subsequently dismissed Christy's timely appeal from this order for lack of jurisdiction. La Forte v. Lorraine Cab Company, No. 90-1741 (6th Cir. May 14, 1991). On June 24, 1991, this Court awarded Garver $1212.50 in costs and expenses incurred in connection with the appeal. To date, Christy has failed to comply with this order.
 
 
 7
 Meanwhile, on September 14, 1990, the district court held a hearing on Garver's motions for contempt and for additional attorney's fees. The district court issued a final order on September 21, assessing Christy an additional $200 in attorney's fees to compensate Garver for his enforcement costs. The court further ordered Christy to pay the revised total assessment of $1,950 in weekly installments.
 
 
 8
 This order, too, was ignored: over the next two-and-a-half years, Christy made no payments. Finally, on April 8, 1993, the district court held a show cause hearing to determine whether Christy's failure to pay was grounds for contempt. At the hearing, Christy acknowledged that he had failed to comply with the court's August 1988, January 1989, May 1990, and September 1990 orders, but argued that his noncompliance should be excused because the orders were invalid. Christy presented no evidence regarding his financial condition and at no point maintained that he was unable to comply with the outstanding court orders.
 
 
 9
 In an order dated April 8, the district court held Christy in civil contempt for failing to comply with its numerous orders and ordered Christy incarcerated until he made an initial payment of at least $200 to Garver. This timely appeal followed.
 
 
 10
 Despite Christy's contentions to the contrary, the sole question before this Court is whether the district court erred in holding Christy in civil contempt of court. The validity of the underlying orders is not at issue here. As the Supreme Court has emphasized:
 
 
 11
 It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience.
 
 
 12
 United States v. Rylander, 460 U.S. 752, 756-57 (1983) (quoting Maggio v. Zeitz, 333 U.S. 56, 69 (1948)); see also Agg v. Flanagan, 855 F.2d 336, 342 (6th Cir.1988) (constitutional challenge to child support order properly raised at time order was issued, not as a defense to a contempt citation). Here, Christy's obligation to pay the assessment has been litigated and resolved, and he chose not to move for reconsideration or to pursue an appeal from the orders. We therefore decline to address Christy's challenges to the validity of the underlying orders.
 
 
 13
 A careful review of the record convinces us that the district court did not err by holding Christy in civil contempt. A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has "violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Glover v. Johnson, 934 F.2d 703, 707 (6th Cir.1991) (quoting NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987)). Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his violation by proving that he was unable to comply with the court's order. Rylander, 460 U.S. at 757 ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production."). Here, it is undisputed that Garver met his initial burden of proving by clear and convincing evidence that Christy did not comply with the terms of the August 1988, January 1989, May 1990, and September 1990 orders. As Garver demonstrated, Christy made no effort over a four-year period to comply with the terms of the court orders. While Christy responded by challenging the validity of the underlying orders, he presented no other defense and offered no evidence of his inability to comply. In light of Christy's failure to carry his burden of production, the district court did not abuse its discretion in holding Christy in contempt. The judgment of the district court is affirmed.
 
 
 14
 Given Christy's persistent refusal to comply with the district court's orders and the baseless nature of this appeal, we find an award of fees and costs is in order. Having reviewed Garver's calculation of relevant fees, we grant his motion and direct Christy to pay Garver $500.00. This amount shall be added to the total amount currently owed by Christy to Garver (including the $1,212.50 previously awarded by this Court), and paid in weekly installments as directed by the district court's April 8, 1993 order.