98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale K. PAPE, Sr., Plaintiff-Appellant,
v.
LAKE STATES WOOD PRESERVING, INC., a Michigan Corporation,
Defendant-Appellee.
 No. 95-2266.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1996.
 
 1
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 
 ORDER
 
 2
 Dale K. Pape, Sr., proceeding pro se, appeals a district court judgment dismissing his lawsuit filed pursuant to the Federal Resource Conservation Recovery Act, 42 U.S.C. § 6972. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Pape alleged that the defendant's activities on certain property near the Great Lakes and streams of Michigan had caused ground and ground water pollution. Upon review, the district court construed the defendant's motion to dismiss as a motion for summary judgment, and granted judgment in favor of the defendant. The district court also granted the defendant's motion for sanctions against Pape.
 
 
 4
 Pape has filed a timely appeal, essentially reasserting his same claims. In addition, the appellee has filed a motion to excise the exhibits attached to appellant's response to appellee's brief, and references to the exhibits at pages 5, 6, and 7 of the brief. The appellee also moves for punitive damages and double costs.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant for the reasons stated in its October 20, 1995, memorandum opinion. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Pape lacks standing to pursue his claims because he did not show an imminent injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Moreover, Pape has not provided any evidence to support his allegation that the defendant polluted the area surrounding its property.
 
 
 6
 We also conclude that the district court properly granted the defendant's motion for sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Hartleip v. McNeilab, Inc., 83 F.3d 767, 778 (6th Cir.1996). Pape's complaint, inasmuch as he alleged that the defendants had polluted the area surrounding its property, is not well-founded because he had reason to know that his current claim lacked merit absent any evidence of imminent injury.
 
 
 7
 Likewise, we conclude that the appellee's motion for punitive damages and double costs is well-taken. Pape's appeal is frivolous as it is obviously without merit and is prosecuted for improper purposes. See N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987); Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 8
 Finally, we conclude that the appellee's motion to strike portions of the appellant's reply brief is well-taken.
 
 
 9
 Accordingly, we hereby grant the appellee's motion to strike portions of the appellant's reply brief, grant the appellee's motion for punitive damages and double costs and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. An itemized and verified bill for the costs and attorney fees may be filed with the clerk of this court, with proof of service, within fourteen days after the entry of this order.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation