110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald F. JOHNSON, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.
 No. 96-1609.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KEITH, MERRITT, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Ronald F. Johnson appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson filed his complaint in the district court alleging that the defendant, his employer, violated his civil rights when it honored an IRS tax levy against his wages. Plaintiff sought compensatory and punitive damages totaling $400,000,000. Defendants moved to dismiss the complaint, and plaintiff responded with a motion for summary judgment. The district court denied plaintiff's motion, granted defendant's motion, and dismissed the complaint. Plaintiff filed a timely notice of appeal and has paid the appellate filing fee.
 
 
 3
 On appeal, plaintiff reiterates his contention that AT & T violated federal law and his constitutional rights by honoring the IRS levy and contends that counsel for defendant and the district court conspired to deprive him of his constitutional rights. Defendant responds that plaintiff's contentions on appeal are meritless and has filed a separate motion to impose attorney's fees and double costs against plaintiff as a sanction pursuant to Fed.R.App.P. 38. Plaintiff has responded in opposition to defendant's motion for sanctions.
 
 
 4
 Generally, this court reviews de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. at 1240. Here, plaintiff clearly failed to state a claim upon which relief can be granted under § 1983.
 
 
 5
 First, the district court correctly concluded that defendant simply fulfilled its obligation pursuant to 26 U.S.C. §§ 6321 and 6322 in honoring the IRS levy against plaintiff's wages. See United States v. General Motors Corp., 929 F.2d 249, 251 (6th Cir.1991). In so doing, defendant is absolved of any liability to plaintiff for honoring the levy pursuant to 26 U.S.C. § 6332(e) (formerly § 6332(d)). See State Bank of Fraser v. United States, 861 F.2d 954, 958 (6th Cir.1988). In addition, it is noted that plaintiff alleged no act by defendant that can be construed as taken under color of state or federal law cognizable under § 1983 or under the authority enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Accordingly, plaintiff failed to allege a claim upon which relief can be granted. Finally, plaintiff cites no basis for his contention on appeal that counsel and the district court conspired to deprive him of his constitutional rights in this case. Thus, plaintiff's appeal lacks merit.
 
 
 6
 Under these circumstances, defendant's motion for sanctions of attorney's fees and double costs against plaintiff will be granted. Generally, this court may award damages and single or double costs against an appellant pursuant to Fed.R.App.P. 38 if it determines that an appeal is frivolous, unreasonable or without foundation. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). This court has noted that sanctions should be applied in frivolous appeals. NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987). As noted, plaintiff's appeal is clearly meritless. As such, the appeal is frivolous, unreasonable and without foundation. Therefore, defendant's motion for an award of attorney's fees and double costs is justified and is granted.
 
 
 7
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. Defendant may file a verified bill of costs and attorney fees with the clerk of this court with proof of service within fourteen days of the entry of this order.