Donald L. BAILEY, Plaintiff–
Appellant,

v.

COLUMBUS BAR ASSOCIATION,
et al., Defendants–Appellees.

No. 01–3459.

United States Court of Appeals,
Sixth Circuit.

Nov. 8, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

Donald L. Bailey, an Ohio plaintiff proceeding pro se, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. §§ 1983 and 1985(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bailey, doing business as "License Resque," sued the Ohio Bureau of Motor Vehicles ("BMV") and four of its officials (Franklin, Ferguson, Whatmore, and Foley); the Columbus Bar Association; two member attorneys assigned to investigate the plaintiff (Asbury and Igoe); the Central Ohio Transit Authority (COTA), for which Asbury is chief counsel; the Cincinnati Bar Association; a member attorney assigned to investigate the plaintiff (Welsh); the law firm with which Welsh is associated (Vorys, Sater, Seymour, and Pease, or "Vorys"); and ten John/Jane Does for allegedly conspiring together to violate his rights under the First, Fifth, Seventh, Ninth, and Fourteenth Amendments.

For over ten years beginning sometime in 1990, Bailey had purchased from the BMV a "Weekly Suspension List" of persons whose driver's licenses had been sus-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

pended by the Ohio courts. He then, presumably, contacted those persons to solicit customers for his business, which helped persons get their licenses reinstated. In 1994, Congress passed the Driver Privacy Protection Act ("DPPA"), which was incorporated by the state of Ohio as Ohio Rev. Code § 4501 .27. Pursuant to a 1999 amendment to the DPPA, the Ohio Legislature amended § 4501.27, effective June 1, 2000, severely restricting the BMV's ability to disclose a driver's personal information without his consent. As a result, beginning sometime before June 1, 2000, the BMV no longer allowed Bailey to purchase the Weekly Suspension List and Bailey's business has been drastically reduced. Bailey (a white man) claimed that this action deprived him of his property right to earn a living, and deprived him of equal protection because he was treated differently from African–Americans. Bailey further alleged that the BMV caused the Columbus and Cincinnati Bar Associations to issue illegal subpoenas duces tecum to him. When he refused to comply with the subpoenas, the Ohio Supreme Court found him to be in contempt of court and ordered him to pay fines and costs. Finally, Bailey alleged that Vorys and COTA violated his rights by allowing Welsh and Asbury, respectively, to use their premises to violate his rights "on company time." Bailey sought injunctive and declaratory relief, $500,000 in compensatory damages, and $5 million in punitive damages. Bailey filed a separate motion for a preliminary/permanent injunction against the BMV and the Columbus Bar Association.

All of the various defendants filed motions to dismiss for failure to state a claim upon which relief may be granted and/or lack of subject matter jurisdiction. In addition, defendants Cincinnati Bar Association, Welsh, and Vorys filed a motion for attorneys fees and costs. Bailey filed a "Request for the Court to take Judicial Notice of Adjudicative Facts."

The district court granted the defendants' motions to dismiss in an opinion and order entered on April 11, 2001. A separate judgment was entered the same day. Considering first the motions to dismiss presented by the Bar defendants, the district court found that these defendants were immune from suit for monetary damages under § 1983 because they were performing the quasi-judicial function of investigating Bailey for the alleged unauthorized practice of law. The court further found that injunctive relief against those defendants was barred by the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Considering the claims against the BMV defendants, the district court found that the U.S. Supreme Court had upheld the constitutionality of the DPPA, and that the issue of whether Ohio Rev.Code § 4501.27 was unconstitutionally applied to Bailey was precluded by the *Younger* doctrine, as Bailey had an adequate opportunity to raise that claim in his proceeding pending in the Franklin County Court of Common Pleas. Turning to the § 1983 claims, the district court concluded that, even assuming that Bailey had a protected property interest in earning a living, he could not show that the DPPA interfered with that interest and so failed to state a due process claim. Further, at a preliminary injunction hearing, Bailey had conceded that all of his competitors were treated in exactly the same manner as he, dooming his equal protection claim. Finally, the district court granted the defendants' motions to dismiss as to Bailey's § 1985 claim because that claim was wholly conclusory and without supporting factual allegations. Therefore, the district court granted the defendants' motions to dismiss Bailey's claims in their entirety.

However, the district court denied the defendants' motion for attorneys fees, primarily because Bailey was proceeding pro se.

On appeal, Bailey requests oral argument and asserts that the district court erred in: (1) dismissing the case for lack of jurisdiction; (2) dismissing his federal damages claim despite the pendency of a state proceeding raising identical issues; (3) determining that the U.S. Supreme Court upheld the constitutionality of the DPPA without addressing his facial attack based upon Section Five of the Fourteenth Amendment, which was not addressed by the Supreme Court; (4) dismissing the case without addressing his attack on the constitutionality of a section of the Ohio Constitution and Rule VII, Government Rules of the Bar, as applied to him; (5) dismissing the case on April 11, 2001, after scheduling for April 13, 2001, an oral hearing on his motion for a preliminary injunction; (6) *sua sponte* dismissing his complaint without prior notice or opportunity to amend; (7) finding the defendants absolutely immune from liability under § 1983 without determining whether the act fits instead within the qualified immunity standard; (8) dismissing the case against COTA and Vorys because a private person conspiring with an immune state officer does not enjoy his co-conspirator's immunity; (9) dismissing the case without ruling on his request to take judicial notice; (10) dismissing the case without addressing its pendent jurisdiction over his state law claim of wrongful interference against the BMV; and (11) dismissing the case without taking into consideration Bailey's timely jury demand. COTA has filed a motion for fees and costs pursuant to Fed. R.App. P. 38, to which Bailey has responded and COTA further replies.

■ Upon review, we affirm the district court's judgment for the reasons stated therein. This court reviews *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

■ This court also reviews *de novo* a district court's dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999). The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Id.* Dismissal is proper only if it is clear that the plaintiff could present no set of facts consistent with his allegations that would entitle him to relief. *Id.* "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.), *cert. denied*, 528 U.S. 871, 120 S.Ct. 172, 145 L.Ed.2d 145 (1999).

Upon careful consideration, we further conclude that the procedural issues raised on appeal are likewise without merit.

■ Finally, we grant defendant COTA's motion for attorneys fees and costs. COTA filed a separate motion as required by Fed. R.App. P. 38. Rule 38 permits a court of appeals to award appellees just damages and single or double costs in the case of a frivolous appeal. *Barney v. Holzer Clinic*, 110 F.3d 1207, 1212 (6th Cir.1997). This court considers an appeal frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes. *Id.* (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir.1987)). This appeal is obviously without merit and appears to have been prosecuted merely for delay, harassment, or other improper

purposes. The district court declined to impose sanctions because Bailey was proceeding pro se, but the district court's ruling on his claims put Bailey on notice that they were wholly meritless. Bailey, nonetheless, proceeded to bring a frivolous appeal against multiple defendants, causing them unnecessary effort and expense in their defense.

Accordingly, Bailey's request for oral argument is denied and the district court's judgment, entered on April 11, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for fees and costs is granted and defendant COTA is directed to submit a detailed statement of fees and costs requested.