**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Daniel LUBOWA, also known as Mark Phelps, Defendant–Appellant.**

No. 03–6518.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Charles P. Wisdom, Jr., Kenneth R. Taylor, John Patrick Grant, U.S. Attor-

**454**

ney's Office, Lexington, KY, for Plaintiff–Appellee.

Daniel Lubowa, Winton, NC, pro se.

Before: KRUPANSKY and COLE, Circuit Judges; and COOK, District Judge.*

## ORDER

Daniel Lubowa, proceeding pro se, appeals from a district court order granting the government's motion for permission to proceed with the sale of his property. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a jury convicted Lubowa of mail fraud in violation of 18 U.S.C. § 1341. During the sentencing hearing, the district court determined that a $75,000 fine would be appropriate, and it advised Lubowa that he would receive a credit towards the fine through the sale of various items of personal property held by the United States Postal Service. Lubowa did not object to the fine or the proposed sale of his property. Following the sentencing hearing, the district court sentenced Lubowa to forty months of imprisonment and imposed a $75,000 fine. Lubowa filed a notice of appeal.

On October 10, 2003, the government filed a motion seeking permission to proceed with the sale of Lubowa's property. On October 14, 2003, the district court granted the government's motion, and it directed the United States Marshal (Marshal) to proceed with the sale. On October 30, Lubowa filed a "motion" to deny the government's motion, arguing that the court should "stay" any proposed sale of his property because: 1) his direct criminal appeal was still pending; and 2) the list of items that the government sought to sell was improper. Alternatively, he sought additional time to consult with an attorney concerning the government's motion to proceed with the sale. The government filed a reply, arguing that Lubowa's "motion" was moot because the Marshal had already completed the sale of the property, and informing the court that $11,822.80 would be credited towards Lubowa's fine. Upon review, the district court denied Lubowa's motion as moot, and it ordered the proceeds from the sale to be refunded to Lubowa if he prevailed in his direct criminal appeal.

Lubowa has filed a timely appeal, essentially arguing that: 1) the district court lacked jurisdiction to rule on the government's motion for permission to proceed with the sale of his property because he had filed a notice of appeal challenging his conviction and sentence; 2) the district court violated his due process rights because it did not afford him an opportunity to respond to the government's motion; 3) the district court violated his right to consult with his attorney prior to ruling on the government's motion; 4) the district court erred when it granted the motion because the items the government sought to sell had not been "discussed" during the sentencing hearing; 5) the fine was improper because there was never a "true indictment" pursuant to a grand jury process; and 6) the fine was excessive in light of the value of the property sold.

■ Upon review, we conclude that the district court did not err when it granted the government's motion to proceed with

---

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

the sale of Lubowa's property. First, contrary to Lubowa's argument, the district court had jurisdiction to rule on the government's motion because the government merely sought execution of the sale of Lubowa's property as provided for in the criminal judgment of conviction and sentence. Although an effective notice of appeal divests the district court of jurisdiction over matters forming the basis for appeal, a district court retains jurisdiction to enforce its judgment as long as the judgment has not been stayed or superseded. *See, e.g., Am. Town Ctr. v. Hall 83 Assocs.,* 912 F.2d 104, 110 (6th Cir.1990); *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588–89 (6th Cir.1987). Lubowa has not established that the criminal judgment of conviction and sentence had been stayed or superseded.

■ The district court did not violate Lubowa's due process rights. Although the district court initially ruled on the government's motion prior to receiving Lubowa's "response," the record clearly reflects that the court considered Lubowa's arguments after he filed his motion to "stay" the pending sale. Upon receipt of Lubowa's motion to deny the government permission to proceed with the sale of his property, the district court ordered the government to file a reply. The court reviewed Lubowa's motion, and it properly concluded that the motion was moot. The Marshal had already completed the sale of Lubowa's property. As such, the court could no longer grant the relief requested by Lubowa. At the time the district court ruled on the government's motion, Lubowa had not objected to his fine or the proposed sale of his property, even though he had been provided an opportunity to do so during the sentencing hearing.

There is nothing in the record to reflect that the district court violated Lubowa's right to consult with his attorney. Moreover, although Lubowa argues that he never received a copy of the district court's order granting the government's motion, a review of that order indicates that copies were sent to both Lubowa and his attorney.

Lubowa has failed to establish that the government sought to sell property that was not discussed during the sentencing hearing. A review of the sentencing hearing does not reflect that there was any "limitation" on property that could be sold. Rather, the government was directed to sell the property that was being held by the United States Postal Service. Lubowa has not specifically identified any property that was improperly sold. Lubowa argues for the first time that "key ministry items" the government seized were missing from the list of property that was to be sold. He did not raise this issue in the district court, even though the list was provided to him on at least two occasions during the proceedings in the district court. Because this argument was not raised below, it need not be considered by this court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

Finally, Lubowa's remaining arguments are more properly reserved for his direct criminal appeal because they address the validity of his conviction and sentence, not whether the court properly granted the government's motion to proceed with the sale of his property.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.