986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Earl RAY, Plaintiff-Appellant,
v.
Jeff REYNOLDS; William Eberhart; Barbara Rice; Steve
Seibers; Margie Burnett; Mike Vann, Defendants-Appellees,
Clifton Casteel, Defendant.
 Nos. 92-5764, 92-6058.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 James Earl Ray appeals a district court judgment in Case No. 92-5764 dismissing his civil rights action filed under 42 U.S.C. § 1983 and a district court judgment in Case No. 92-6058 denying his motion to set aside the court's judgment filed under Fed.R.Civ.P. 60(b)(3). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, James Earl Ray sued several Tennessee correctional officials in their individual and official capacities. Ray essentially argued that in February 1991, he was placed in involuntary administrative segregation in violation of his due process rights under the Fourteenth Amendment to the United States Constitution; that his administrative segregation resulted in the loss of access to his personal typewriter, lawbooks, and other legal materials in violation of his First and Fourteenth Amendment rights; that his segregation deprived him of his liberty interest in remaining with the prison's general population; that the segregation was detrimental to his health; that he was unable to earn $40 a month working at the prison laundry; and that he was denied the opportunity to earn ten days of "good time" credits per month by holding a prison job. The defendants moved for summary judgment which Ray opposed. The district court concluded that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law.
 
 
 3
 On appeal, Ray argues that the defendants violated his due process rights by placing him in administrative segregation and that the defendants' actions caused him to lose sentence credits which is further delaying his parole.
 
 
 4
 After filing his notice of appeal, Ray filed a motion to set aside the court's judgment pursuant to Fed.R.Civ.P. 60(b)(3) alleging that the defendants misrepresented the loss of his good time credits to the court. The district court denied the motion for lack of jurisdiction. In his timely appeal from this order, Ray reiterates the same issue that he presented to the district court.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Furthermore, an order denying relief pursuant to Fed.R.Civ.P. 60(b) is reviewed under the abuse of discretion standard. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 6
 Initially, it is noted that Ray has abandoned his claims concerning: 1) the loss of access to his legal materials; 2) his liberty interest in remaining with the prison's general population; 3) the detrimental impact the segregation had on his health; and 4) the loss of $40 per month from his prison job. Because these issues have not been raised on appeal, they are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Upon de novo review, we conclude that Ray was not deprived of his due process rights. See Hewitt v. Helms, 459 U.S. 460, 476 (1983); Woodson v. Lack, 865 F.2d 107, 109-10 (6th Cir.1989); Childs v. Pellegrin, 822 F.2d 1382, 1387 (6th Cir.1987). Furthermore, the district court properly concluded that it was without jurisdiction to entertain Ray's motion for relief under Fed.R.Civ.P. 60(b)(3). See NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir.1987).
 
 
 8
 Accordingly, we hereby affirm the district court's judgments under review in both these appeals. Rule 9(b)(3), Rules of the Sixth Circuit.