9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesus Manuel DELEMOS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 93-3006, 92-3971.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1993.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 ORDER
 These consolidated appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 In 1990, Jesus Manuel DeLemos pleaded guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and was thereafter sentenced to a fine and a 235-month term of imprisonment. A panel of this court vacated in part for consideration of DeLemos's ability to pay the fine imposed and affirmed the sentence in all other respects. United States v. DeLemos, No. 91-3270 (6th Cir. Jan. 9, 1992) (per curiam) (unpublished).
 DeLemos subsequently filed a motion to vacate judgment under 28 U.S.C. Sec. 2255. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court ultimately adopted this recommendation, noting the DeLemos had not filed timely objections. DeLemos then filed several pleadings, one of which was a valid notice of appeal. This case has been docketed in this court as appeal No. 92-3971.
 DeLemos subsequently filed a series of pleadings in which he asked the district court to excuse the belated filing of his objections due to a prison mail failure. This resulted in new magistrate reports and district court orders essentially reaffirming their earlier conclusions that the petition lacked merit. DeLemos's appeal from this latter order has been docketed as appeal No. 93-3006.
 The parties have briefed the issues; DeLemos is proceeding without counsel. In addition, DeLemos moves for the appointment of appellate counsel.
 DeLemos sets forth three grounds for relief in his motion to vacate: ineffective assistance of trial counsel, improper application of the Sentencing Guidelines, and breach of the plea agreement. The magistrate to whom the matter was assigned recommended that the motion be denied on principles of res judicata and procedural default. The district court adopted this recommendation due to DeLemos's failure to file timely objections as advised. DeLemos then filed a pleading purporting to be a motion for rehearing under Fed.R.Civ.P. 59, but failed to certify that the motion had been served within ten days as required by Rule 59(e). As a result, the motion did not alter the finality of the order of dismissal and DeLemos's ensuing notice of appeal filed September 21, 1992, was valid and operated to vest jurisdiction in this court in appeal No. 92-3971.
 A series of pleadings and orders followed this initial order of dismissal. As a result, DeLemos convinced the magistrate that his objections to the initial recommendation to dismiss should be considered timely under Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading considered filed when deposited with prison officials for mailing). The magistrate reiterated his position, however, that the motion was meritless. DeLemos did file timely objections to this latter report. The district court adopted the magistrate's recommendation and DeLemos filed another timely appeal.
 It is initially noted that the notice of appeal filed September 21, 1992, effectively deprived the district court of jurisdiction to rule on the post-judgment motions to alter or amend its decision to dismiss the motion. Generally, a notice of appeal divests the district court of jurisdiction and it may not thereafter alter or enlarge the scope of its judgment. NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588-89 (6th Cir.1987). Appeal No. 93-3006 thus raises issues involving a district court action over which the lower court lacked jurisdiction. Therefore, to the extent that this appeal is taken from a void judgment, the district court's judgment of December 17, 1992, is vacated.
 
 
 1
 The district court's first decision to deny the motion to vacate is properly before the court in appeal No. 92-3971. This judgment may be affirmed on either of two grounds.
 
 
 2
 First, DeLemos did not file timely objections to the magistrate's report and recommendation within ten days after being advised of the consequences. This failure acts as a waiver of further appellate review of the district court's decision. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 3
 Second, all three claims raised by DeLemos in his Sec. 2255 motion could have been raised in the course of his direct appeal but were not. He has therefore waived his right to make these challenges in a collateral attack absent a showing of cause to excuse the failure to appeal the issues and actual prejudice resulting from this failure. United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). It is incumbent upon the defendant to demonstrate not just the possibility of prejudices but that the errors complained of worked to his actual and substantial disadvantage. Frady, 456 U.S. at 170. DeLemos had made no effort to satisfy this "cause and prejudice" test. The motion lacks merit.
 
 
 4
 Accordingly, the motion for appellate counsel is denied. The district court's judgment on appeal in case No. 92-3971 is affirmed and the district court's judgment on appeal in case No. 93-3006 is vacated. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation