In re Mary E. TEMPLE, Debtor.

Bankruptcy No. 98–30453.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 17, 1998.

John J. Hunter, Toledo, OH, Trustee.

Timothy Dempsey, Sandusky, OH, for Debtor.

James L. Deese, Cleveland, OH, for Debra J. Dixon.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court after a hearing on the Trustee's Motion to hold in Contempt Debra J. Dixon (hereinafter Ms. Dixon). The basis for the Trustee's Motion is that Ms. Dixon, by failing to appear for an examination, and by also failing to produce certain documents, disobeyed an order entered by this Court on the 9th day of June, 1998. After considering the Briefs submitted by both Parties, and the oral arguments presented at the hearing, the Court concludes that the imposition of contempt sanctions in this matter is inappropriate.

On February 11, 1998, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. John Hunter, the movant in this action, was subsequently appointed as the Trustee. During the course of Mr. Hunter's examination of the Debtor's financial affairs, it came to his attention that the Debtor had, just prior to the time of filing for bankruptcy, received a cash settlement for an automobile accident that occurred on January 6, 1995. Ms. Dixon had been the Debtor's attorney for this matter.

In May of 1998, Mr. Hunter filed a Motion, under Bankruptcy Rule 2004, for an order directing Ms. Dixon to appear at an examination, and to produce all documents relevant to the Debtor's automobile accident. The Court granted the Order on June 9, 1998.

Subsequently, on July 30, 1998, the Order was amended so as to limit its scope. Specifically, the amended Order provided that Ms. Dixon was to furnish Mr. Hunter with copies of all the documents relating to the receipt and disbursement of the proceeds that had been administered by Ms. Dixon on behalf of the Debtor. The Trustee's purpose for obtaining this information was to ascertain if any of the disbursements had been preferences.

Thereafter, the facts presented by the Parties tend to conflict. However, the following information is not in dispute: (1) Ms. Dixon received a copy of the Motion and Order directing her to appear at the Trustee's examination, and to produce the aforesaid mentioned documents; (2) Mr. Hunter sent to Ms. Dixon a letter stating that he did not desire to unduly burden Ms. Dixon by the examination, and thus identifying what information he required could be first ascertained by a teleconference; (3) the Parties on numerous occasions attempted to contact each other by telephone, but were unsuccessful; (4) Ms. Dixon sent a letter to Mr. Hunter outlining the disbursements made by her on behalf of the Debtor; and (5) Mr. Hunter did not receive the documentation he requested until October 22, 1998, the date on which this hearing was held.

Bankruptcy judges have the power to punish parties for civil contempt. § 105(a). However, generally such sanctions are only imposed when it is necessary to coerce a party to comply with a court order after that party has otherwise failed to comply with the court's order. *In re Jaques*, 761 F.2d 302, 305 (6th Cir.1985). Nonetheless, at a minimum, the following elements must be established for a bankruptcy court to exercise its contempt powers: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite. *See United States v. Cutler*, 58 F.3d 825, 834 (2nd Cir.1995). It is the moving party who has the burden to make a *prima facie* showing that the above elements are established, and then to ultimately prove that such elements are met by clear and

convincing evidence. *Nat'l Labor Relations Bd. v. Cincinnati Bronze Inc.*, 829 F.2d 585, 591 (6th Cir.1987).

In the case sub judice, the Court finds that Mr. Hunter has made a *prima facie* showing that the above elements are met as Ms. Dixon failed to obey a specific and definite Order issued by this Court by not providing, in a timely fashion, the documentation requested by Mr. Hunter. Consequently, the burden now shifts to Ms. Dixon to demonstrate why she was unable to comply with the Court's Order.

The basis of Ms. Dixon defense to the charge of contempt is that she acted in good faith. Specifically, Ms. Dixon asserts that she repeatedly attempted to comply with this Court's Order by making numerous attempts to contact Mr. Hunter's office, in conformance with his letter, in order to ascertain exactly what information Mr. Hunter required. However, according to Ms. Dixon the difficulty she and Mr. Hunter had in contacting one another lead to a predicament for her as much of the information Mr. Hunter required was stored by Ms. Dixon at an off-site storage facility, which meant it would be difficult and time consuming to obtain. Consequently, as Ms. Dixon did not know until some time later exactly what information would satisfy Mr. Hunter's requirements, Ms. Dixon sent to Mr. Hunter a one page document outlining the disbursements she had made on behalf of the Debtor. Mr. Hunter, however, contends that pursuant to a conversation with Ms. Dixon in July of 1998, he was assured that all the documents he needed would be retrieved from the off-site storage facility and would be forthcoming in a matter of days.

In defending a charge of contempt, "good faith" is generally not a defense as the elements of willfulness or contumaciousness are not essential elements in civil contempt proceeding. *In re Jaques*, 761 F.2d 302, 306 (6th Cir.1985); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996); *Telling v. Bellows–Claude Neon Co.*, 77 F.2d 584, 586 (6th Cir.1935). Nevertheless, good faith may be a defense where the alleged contemnor makes a showing that he substantially complied with the court order. *Maggio*

*v. Zeitz*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948); *Vertex Distributing Inc. v. Falcon Foam Plastics, Inc.,*, 689 F.2d, 885, 891–92 (9th Cir.1982); *United States Steel Corp. v. United Mine Workers of America, District 20*, 598 F.2d 363, 368 (5th Cir.1979); *Washington Metropolitan Area Transit Authority v. Amalgamated Transit Union, National Capital Local Division 689*, 531 F.2d 617, 621 (D.C.Cir.1976). Substantial compliance is established by demonstrating that one has taken all reasonable steps to comply with the court order. Specifically, this involves showing that reasonable diligence and energy was employed by the alleged contemnor in attempting to accomplish what the court ordered. *Vertex Distributing*, 689 F.2d at 891–92.

In the instant case, Mr. Hunter sent to Ms. Dixon a letter explaining that he did not wish to unduly burden her by the Court's Order, and that a teleconference could be set up to discuss the method by which Ms. Dixon would provide Mr. Hunter with the requested information. Thus, it was reasonable for Ms. Dixon to believe that Mr. Hunter would work with her in resolving the matter. In addition, there is no doubt that each Party made repeated attempts to contact one another, but because of scheduling conflicts were unable to do so. Consequently, as the Order issued by this Court was for the benefit of Mr. Hunter, it seems reasonable that the letter sent by Ms. Dixon, outlining the disbursements made by her on behalf of the Debtor, was a valid attempt to substantially comply with the Court's order even though this letter later proved to be insufficient to meet Mr. Hunter's requirements. The Court does question why it took until the time of this hearing for Ms. Dixon to provide the documents requested by Mr. Hunter. Nevertheless, the Court is cognizant of the fact that as this case progressed, emotions were running very high. Of course, emotional considerations are no excuse for failing to obey a court order. However, the Court does realize that such considerations may have clouded the Parties' recollection of the events that had transpired. Accordingly, as a finding of civil contempt is within the broad discretion of the bankruptcy court, the Court holds that

Mr. Hunter has not established by clear and convincing evidence that Ms. Dixon's defense to the contempt charge is invalid. *See Peppers v. Barry,* 873 F.2d 967, 968 (6th Cir. 1989) *citing NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir.1987).

Accordingly, it is

**ORDERED** that the Trustee's Motion to hold Debra J. Dixon in Contempt be, and is hereby, *DENIED.*