**In Re: Samuel MAGACK, Debtor.**

**John J. Hunter, Trustee, Plaintiff,**

**v.**

**Samuel Magack, Defendant.**

**No. 98–3181.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 2, 1999.

Stephen T. Priestap, Toledo, OH, for Debtor/Defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

The instant case adversary proceeding is brought by Mr. John Hunter, the Trustee/Plaintiff in the above captioned bankruptcy case, to revoke Mr. Magack's bankruptcy discharge on the grounds that Mr. Magack, by failing to turnover the proceeds of a tax refund, disobeyed an order issued by this Court. On October 20, 1999, a Trial was held on the matter at which time the following information, which neither Party contested, was presented to the Court:

-On October 7, 1997, Mr. Magack and his wife filed for relief under Chapter 7 of the United States Bankruptcy Code;

-On March 11, 1998, this Court entered an order discharging Mr. Magack and his wife from all their dischargeable debts;

-In Mr. Magack's bankruptcy petition no claim of exemption was made to any proceeds that might be receive as the result of a tax refund;

-In 1998, Mr. Magack received a tax refund in the amount of Five Thousand Four Hundred Ninety-six Dollars ($5,496.00) for the tax year of 1997;

-In accordance with 11 U.S.C. § 541(a), the Trustee, as administrator of Mr. Magack's bankruptcy estate, was entitled to a pro-rated share of Mr. Magack's 1997 income tax refund in the amount of Four Thousand Two Hundred Sixteen Dollars ($4,216.00);

-On June 30, 1998, the Court issued an Order requiring Mr. Magack to turnover to the Trustee the nonexempt portion of his 1997 tax refund;

-Mr. Magack did not turnover the nonexempt portion of his 1997 tax refund, and thus failed to comply with the Court's Order;

-The proceeds Mr. Magack received from the 1997 income tax refund have been entirely dissipated;

-Since receiving the 1997 tax refund, Mr. Magack has never paid any money to the Trustee;

-On July 29, 1998, the Trustee filed the instant adversary complaint; and

-Since the above captioned adversary complaint was filed, Mr. Magack has not made any attempt to contact the Trustee regarding the repayment of his income tax refund obligation.

The statutory basis upon which the Trustee seeks to revoke Mr. Magack's bankruptcy discharge is subsection (d)(3) of § 727, which provides for the revocation of a debtor's discharge when the debtor has committed any of the acts specified in § 727(a)(6) of the Bankruptcy Code. In turn, § 727(a)(6)(A) provides that a debtor's discharge shall be denied when the debtor "has refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify."

In defense of his failure to turnover the tax refund, Mr. Magack asserts that he did not actually refuse to comply with an Order of this Court. Rather, Mr. Magack contends that, given his present state of financial affairs, he was simply unable to comply with the Court's Order. In support of this explanation, Mr. Magack, who is currently a baccalaureate candidate in business, introduced evidence that he currently has a very low annual income (Fifteen Hundred Dollars ($1,500.00) as of October 20, 1999), and that he barely, if at all, is able to meet his daily living expenses. In addition, Mr. Magack, in support of his defense, stated that neither his attorney, the Trustee or his wife, from who he is currently separated, told him of his duty to turnover the 1997 tax refund until after all the money received from the refund had been spent to pay personal expenses.

## LEGAL ANALYSIS

Discharges in bankruptcy are favored. *Marquis v. Marquis (In re Marquis)*, 203 B.R. 844, 847 (Bankr.D.Me. 1997). As a consequence, any party seeking to revoke a debtor's discharge bears the burden of proof to demonstrate, by a preponderance of the evidence, that the debtor has violated one of the subsections of § 727. *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992), *citing Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991); Fed.R.Bankr.P. 4005 (1993). In addition, as the revocation of a debtor's bankruptcy discharge is a harsh measure and runs contrary to the general bankruptcy policy of giving Chapter 7 debtors a "fresh start," a bankruptcy court should only do so for reasons clearly expressed by statute. *See Anderson v. Poole (In re Poole)*, 177 B.R. 235, 239 (Bankr. E.D.Pa.1995).

As previously stated, the Trustee seeks to revoke Mr. Magack's bankruptcy discharge pursuant to subsections (a)(6) and (d)(3) of § 727 on the basis of Mr. Magack's noncompliance with this Court's Order of turnover. Mere noncompliance with a court order is, however, insufficient by itself to warrant revoking a debtor's bankruptcy discharge. *Concannon v. Costantini (In re Costantini)*, 201 B.R. 312, 316 (Bankr.M.D.Fla.1996). Instead in drafting § 727(a)(6), Congress provided that a debtor's bankruptcy discharge can only be·revoked when the debtor has "refused" to obey a lawful order of the court. Since·the enactment of § 727(a)(6) in 1978, however, the exact circumstances under which a debtor is deemed to have "refused" to obey an order of the court have not been clearly established. For example, some bankruptcy courts have held that the word "refused" connotes a wilful or intentional act, as opposed to merely an inability to comply or a mistake in compliance. *Id.* at 316; *Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr.D.Del.1991). By comparison, the bankruptcy court for the Western District of Missouri in *United States v. Richardson (In re Richardson)*, 85 B.R. 1008, 1011 (Bankr.W.D.Mo.1988), found that the use of the word "refused" in § 727(a)(6) de-

notes that an action brought under this section should, in substance, simply be treated as a civil contempt proceeding, thereby implicitly negating the intent requirement from the word "refused" as willfulness is not an element to a proceeding in civil contempt. *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir.1996) (stating "willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is irrelevant to the validity of a contempt finding.").

■ After examining each of these approaches, the Court finds that the approach adopted by the Court in *In re Richardson* is more legally sound. Specifically, this Court observes that had Congress wanted to require a willful or intentional standard under § 727(a)(6)(A) it could have easily drafted the statute to have so provided. In fact, subsection (a)(2) of § 727 clearly specifies such a standard.[1] In addition, applying the contempt standard expounded by the bankruptcy court in *In re Richardson* conforms with the Supreme Court's "plain meaning" edict in *United States v. Ron Pair Enters.,*[2] given the fact that a civil contempt proceeding is simply a device to coerce a party to comply with a court's order after their initial "refusal" to do so. *See, e.g., Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441–43, 31 S.Ct. 492, 498–99, 55 L.Ed. 797 (1911); *Local 28 of the Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443, 106 S.Ct. 3019, 3033, 92 L.Ed.2d 344 (1986).

■ To hold a party liable for civil contempt, the complainant must establish three elements by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite. *Glover v. Johnson,* 138 F.3d 229, 244 (6th Cir.1998); *In re Temple,* 228 B.R. 896, 897 (Bankr.N.D.Ohio 1998). In the present case, there is no doubt to the Court, and no real dispute between the Parties, that the Trustee has met his burden with respect to the above elements. Instead, in his defense, Mr. Magack asserts that his present inability to pay the Trustee the monies he received from the 1997 income tax refund should preclude the court from revoking his discharge.

■ In a contempt proceedings, the basic proposition is that all orders and judgments of the court must be complied with promptly. *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 590 (6th Cir. 1987). Nevertheless, impossibility or an inability to comply with a judicial order is a valid defense to a charge of civil contempt. *United States v. Bryan,* 339 U.S. 323, 330–334, 70 S.Ct. 724, 730–732, 94 L.Ed. 884 (1950). Such a defense is, however, only effective where after using due diligence the person, through no fault of their own, is still unable to comply with the order. To satisfy this burden, the contemnor may not merely assert a present inability to comply, but must also introduce supportive evidence showing that all reasonable efforts to comply have been undertaken. *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.,* 80 F.3d 1107, 1112 (6th Cir.1996), *cert. de-*

---

**1.** Section 727(a)(2) provides that, "[t]he court shall grant the debtor a discharge, unless-the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition[.]"

**2.** 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (holding that a court must apply a statute in accordance with its plain meaning if the language of the statute is clear and unambiguous and where a literal interpretation of the statute would not produce a result demonstrably at odds with Congress's intent).

*nied,* 519 U.S. 863, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996). In other words, the contemnor must establish that he has been reasonably diligent and energetic in attempting to comply with the court's mandate by taking all reasonable steps within his power to ensure compliance. *See Palmigiano v. DiPrete,* 710 F.Supp. 875, 882 (D.R.I.1989) (crux of impossibility defense is a lack of power to carry out the orders of a court due to circumstances beyond's one control).

■ Applying this standard to Mr. Magack's situation, the Court cannot find that Mr. Magack has met his burden with respect to establishing his inability to comply with this Court's order of turnover. In more specific terms, the Court simply does not find that Mr. Magack has been able to demonstrate that he took all reasonable steps to comply with this Court's order of turnover. For example, it is clear that Mr. Magack has made no attempt for over a year to either contact the Trustee or make payments to the Trustee. In addition, this Court finds it incredulous, that a young man such as Mr. Magack, who is currently pursuing a college degree, is incapable of earning more than two or three thousand dollars per year in today's job market. The Court does realize that to earn additional money to pay the Trustee, may have entailed Mr. Magack making some sort of short term sacrifices in his educational pursuits. However, while this is unfortunate, bankruptcy, or for that matter a higher education, is not a right, and the Court is ever mindful of the fact that it was Mr. Magack who voluntarily sought the protections of this Court. As a consequence, when Mr. Magack filed his petition for bankruptcy relief, it was Mr. Magack who, regardless of his educational pursuits, agreed to take on the responsibilities that are imposed by the Bankruptcy Code. Accordingly, to now simply absolve Mr. Magack of his duties, would in essence be rewarding Mr. Magack for his past transgressions.

■ The Court also does not accept Mr. Magack's argument that he should be relieved of the responsibility for turning over the 1997 tax refund on the grounds that he did not know of such an obligation until after he had already spent the refund on personal expenses. Specifically, the Court does not find it credible that a man of Mr. Magack's intelligence, after going through the bankruptcy process, would not in the least have suspected a duty with regards to a tax refund of over Five Thousand Dollars ($5,000.00) earned in the year in which the bankruptcy petition was filed. In addition, even assuming arguendo that Mr. Magack's assertion of ignorance is true, mere ignorance of the law is rarely, if at all, a defense for noncompliance with the law. *Old Republic Surety Co. v. Richardson (In re Richardson),* 178 B.R. 19, 30 (Bankr.D.Dist.Col.1995); *Mickler v. Maranatha Realty Assoc., Inc. (Matter of Mickler),* 50 B.R. 818, 829 (Bankr.M.D.Fla. 1985).

In conclusion, the Court finds that Mr. Magack refused to comply with an Order of this Court in contravention to 11 U.S.C. § 727(a)(6)(A). In addition, the facts presented in the case do not show that Mr. Magack's failure to obey the Court's Order of turnover was defensible on the basis of impossibility or an inability to comply. Accordingly, the Court finds that Mr. Magack's bankruptcy discharge should be revoked in accordance with 11 U.S.C. § 727(d)(3). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

***ORDERED*** that Samuel Magack's bankruptcy discharge be, and is hereby, Revoked pursuant to 11 U.S.C. § 727(d)(3) and 11 U.S.C. § 727(a)(6)(A).

It is ***FURTHER ORDERED*** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order upon the Debtor, Attor-

ney for Debtor, the Trustee, and all the Creditors and Parties in interest.