**In re David/Johnette WATSON, Debtors.**

**John J. Hunter, Trustee, Plaintiff,**

**v.**

**David D. Watson, Defendant.**

**No. 99–3253.**

United States Bankruptcy Court, N.D. Ohio.

March 29, 2000.

---

Brian F. Lautar, Toledo, OH, for debtors.

John J. Hunter, Toledo, OH, Interim Trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Plaintiff's Complaint to Revoke the Discharge of the Defendant/Debtor, David D. Watson. On February 14, 2000, the Court held a Pretrial on the matter at which time the Plaintiff informed the Defendant's legal counsel, and the Court, that he would be filing a Motion for Summary Judgment. On February 16, 2000, the Plaintiff submitted his Motion for Summary Judgment along with a Memorandum in Support. However, no response by the Defendant was ever interposed thereto.

The standard for a summary judgment motion is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). In addition, the Court is directed to view all facts in the light most favorable to the nonmoving party. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995).

In support of revoking the Defendant/Debtor's bankruptcy discharge, the Plaintiff presented to the Court the following information:

—The Defendant on October 28, 1998, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code;

—On November 2, 1999, this Court ordered that the Defendant, David D. Watson, turn over to the Plaintiff, as Trustee, the nonexempt proceeds of his Federal and Ohio income tax refunds in

the amount of Nine Hundred Thirty-six and ⁵⁷⁄₁₀₀ dollars ($936.57);

—The Plaintiff has not received any payment from the Defendant pursuant to this Court's order.

With regards to the veracity of these above stated facts, the Court takes judicial notice of the first two and accepts as true the last fact based upon the Plaintiff's sworn affidavit in support thereof.

The statutory basis upon which the Trustee seeks to revoke the Defendant's bankruptcy discharge is subsection (d)(3) of § 727, which provides for the revocation of a debtor's discharge when the debtor has committed any of the acts specified in § 727(a)(6) of the Bankruptcy Code. In turn, 727(a)(6)(A) provides that a debtor's discharge shall be denied when the debtor "has refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify." For purposes of revoking a debtor's discharge under § 727(a)(6), a debtor will be deemed to have "refused" to obey a court's order when their actions or inactions would give rise to liability on a charge of civil contempt. *Hunter v. Magack (In re Magack)*, 247 B.R. 406 (Bankr. N.D.Ohio 1999). In *Glover v. Johnson*, the Sixth Circuit Court of Appeals held that in order to hold a party liable for civil contempt, the complainant must establish three elements by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite. 138 F.3d 229, 244 (6th Cir.1998); *see also In re Temple*, 228 B.R. 896, 897 (Bankr.N.D.Ohio 1998).

Upon applying these elements to the instant case, the Court finds the Plaintiff is entitled to a judgment as a matter of law, as the facts presented in this case clearly show that the Defendant had knowledge of the Court's order to turn over his tax refund, and by not turning over the money specified in the Order, the Defendant violated a definite and specific order of this Court.

Accordingly, it is

**ORDERED** that the bankruptcy discharge of the Defendant, David Watson, be, and is hereby, Revoked pursuant to 11 U.S.C. § 727(d)(3) and 11 U.S.C. § 727(a)(6)(A).

It is **FURTHER ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order upon the Debtor, Attorney for Debtor, the Trustee, and all the Creditors and Parties in interest.