In re Helen M. GORSHE, Debtor.

Thomas McK. Hazlett,
Trustee, Plaintiff,

v.

Helen M. Gorshe, Defendant.

Bankruptcy No. 97–61178.
Adversary No. 00–0430.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 29, 2001.

Thomas McK. Hazlett, Harper & Hazlett, St. Clairsville, OH, for plaintiff/trustee.

D. William Davis, Bridgeport, OH, for defendant/debtor.

Keith Brown, Deputy in Charge, U.S. Bankruptcy Court, Columbus, OH.

## OPINION AND ORDER ON TRUSTEE'S COMPLAINT TO REVOKE DISCHARGE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the complaint of plaintiff Thomas McK. Hazlett, the duly appointed chapter 7 trustee, to revoke the discharge of the debtor, Helen M. Gorshe. On June 22, 2001, the matter was tried to the Court.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(J).

On December 2, 1997, the debtor filed a petition under chapter 13 of the Bankruptcy Code. The Court confirmed the proposed chapter 13 plan on April 10, 1998. A fire destroyed the debtor's residence on December 31, 1998, while she was still in her chapter 13 case. Shortly thereafter, she converted her case to chapter 7 on February 2, 1999.

The debtor appeared at her 341 meeting of creditors on March 24, 1999. At that time, she informed the trustee of the fire. She also testified as to her belief that her homeowner's insurance had been previously cancelled as the result of a dog bite incident. She later found out that her mortgage company was carrying insurance on the residence and charging the premiums to her escrow account.

The debtor received a check for some $32,000 from the insurance company made payable to her and the mortgage company. The debtor had the option of rebuilding, but due to strained relations with her mortgage company, as well as financial considerations, she elected not to rebuild. The debtor endorsed the insurance check and mailed it to the mortgage company. Later, the mortgage company delivered to her a check for $8,000 which represented the remaining insurance proceeds after payoff of the mortgage.

The debtor resided in a motel with her children and then in Bellaire, Ohio, for a time after their residence was destroyed. They subsequently moved to Wheeling, West Virginia, where the debtor had purchased a house on a land contract.

The trustee sent a letter to the debtor on May 10, 1999, but the debtor could not recall when she received it. She left a telephone message for the trustee, and he called her back. By the time she spoke to the trustee in June 1999, she had already spent the entire $8,000. Approximately one-half of the money had gone toward the purchase of the house in Wheeling. The remainder went to pay off certain creditors and to purchase food and clothing.

The trustee demanded the turnover of the non-exempt portion of the $8,000. The parties agreed that the debtor was entitled to retain $5,000 as her homestead exemption. The debtor offered to pay $3,000 in monthly installments of $75, but the trustee rejected the offer. At the debtor's request, the trustee agreed to hold off any action for one year until the debtor could obtain mortgage financing for her Wheeling home. The debtor did, in fact, obtain such financing, but closing costs and fees ate up the $5,000–$6,000 she expected to take away from the closing.

On February 7, 2000, the trustee filed a motion for turnover of the insurance proceeds. The debtor did not respond to the motion. On May 30, 2000, the Court entered an order requiring the debtor to account for the insurance proceeds and to deliver to the trustee the non-exempt portion.

When the debtor failed to comply with the May 30, 2000 order, the trustee commenced this adversary proceeding to revoke the discharge granted to her on July 6, 1999. The grounds for revocation are that the debtor has refused to obey a lawful order of this Court. *See* 11 U.S.C. §§ 727(a)(6)(A) and (d)(3).

The debtor has acknowledged the May 30, 2000 order and the fact that she has yet to turn over any of the insurance proceeds to the trustee. In defense, she states that she offered to pay the $3,000

over time at the rate of $75 per month, but that the trustee rejected her offer. She further claims that she is unable to pay the $3,000 in a lump sum.

The trustee bears the burden of proving his revocation of discharge complaint by a preponderance of the evidence. *Bowman v. Belt Valley Bank (In re Bowman)*, 173 B.R. 922, 925 (9th Cir. BAP 1994); *see also Barclays/American Business Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir.1994), *cert. denied*, 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995) (exceptions to discharge under § 727 require proof by a preponderance of the evidence). Mere noncompliance with a court order is not enough to warrant the revocation of a discharge. *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 409 (Bankr.N.D.Ohio 1999). Rather, the refusal to obey the order must be akin to civil contempt. *Id.* at 409–10.

In reviewing the facts and applicable law, the Court has no doubt that the trustee would have established the necessary elements were he to have proceeded under an action for civil contempt. The debtor was aware of the May 30, 2000 order and violated its specific terms by not turning over to the trustee the non-exempt portion of her insurance proceeds.

While impossibility or an inability to comply with a court order is a defense to a civil contempt action, and thus, a defense to a claim under 11 U.S.C. § 727(a)(6), the debtor must do more than simply show that she was unable to pay the $3,000 in a lump sum. She must also present evidence that she undertook all reasonable efforts in her power to come up with the money, but was still unable to comply. *See id.* at 410.

The Court does not believe that the debtor took the reasonable steps necessary to comply with the turnover order. Had she put aside the $75 she offered to pay the trustee each month, a sizeable lump sum would have accumulated by the time of trial. Instead, no monies have been put aside, and the trustee is in the same position he was in when he first demanded turnover in June 1998.

Based on the foregoing, the Court concludes that the trustee has satisfied the elements of 11 U.S.C. §§ 727(a)(6) and (d)(2). Accordingly, a judgment shall be entered revoking the debtor's discharge.

**IT IS SO ORDERED.**