In re Carol MEYERS, Debtor.

Louis Yoppolo, Trustee, Plaintiff,

v.

Carol Meyers, Defendant.

Nos. 02–3222, 01–37724.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 22, 2002.

Carol A. Meyers, Port Clinton, OH, pro se.

Louis J. Yoppolo, Toledo, OH, trustee.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

The cause comes before the Court after a Trial on the Plaintiff/Trustee's Complaint to Revoke the Debtor's Discharge. The Trustee brings his Complaint to Revoke Discharge pursuant to subsection (d)(3) of § 727, which provides for the revocation of a debtor's discharge when the debtor has committed any of the acts specified in § 727(a)(6) of the Bankruptcy Code. In turn, 727(a)(6)(A) provides that a debtor's discharge shall be denied when the debtor "has refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify."

Present at the Trial were the Trustee and the Defendant, both of whom were afforded the opportunity to introduce evidence and make any arguments in support of their respective positions. From this evidence, and after reviewing the entire record of this case, the Court, in accordance with Bankruptcy Rule 7052, makes the following findings of fact:

On December 14, 2001, the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code.

On February 6, 2002, the Trustee, at the 341 meeting of creditors, made an oral demand that the Debtor provide him with copies of her tax returns.

On February 11, 2002, the Trustee filed a Motion that the Debtor turn over the nonexempt portion of her tax refunds. This Motion was subsequently granted by the Court pursuant to an order entered on April 2, 2002; the Debtor acknowledged receipt of the Motion and of the Order. In the Court's Order for turnover it was stated, "[t]he remaining balance of the full amount of the Debtor's State and Federal tax refunds herein should therefore be turned over to the Trustee for the benefit of the Creditors and this Estate."

In March of 2002, the Debtor received a tax refund of approximately $3,800.00. These monies were spent on bills incurred by the Debtor. In this regard, the Debtor pointed specifically to car repairs, cloths for her children, and house repairs.

On June 6, 2002, the Debtor was granted a discharge.

On June 10, 2002, the Trustee, having yet to receive the Debtor's income tax refund, sent the Debtor a letter regarding her duties pursuant to this Court's order for turnover. After hearing nothing from the Debtor, the Trustee, on July 8, 2002, filed the instant Complaint seeking to Revoke the Debtors' Discharge.

At the time of Trial, the Debtor had yet to turn over her income tax refund to the Trustee.

## DISCUSSION

The instant complaint involves whether a debtor's discharge should be revoked

pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). Pursuant to 11 U.S.C. § 157(b)(2)(J), this matter is deemed a core proceeding over which this Court has the jurisdictional authority to enter final orders. 28 U.S.C. § 1334.

 In order to protect the integrity of the Bankruptcy process, § 727(a)(6)(A) provides that a debtor who refuses to obey any lawful order of the court, must be denied a discharge in bankruptcy. The specific language of this section provides:

(a) The court shall grant the debtor a discharge, unless-

(6) the debtor has refused, in the case–

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

As used in § 727(a)(6)(A), however, the word "refused" must be distinguished from the word "failed" which is used elsewhere in § 727(a), the former presupposing at least some knowledge on the part of the debtor. In this regard, this Court, as well as others, has held that a debtor will be found to have "refused" to obey a court order under § 727(a)(6)(A), when the debtor's inaction would give rise to a charge of civil contempt. *Hunter v. Magack (In re Magack),* 247 B.R. 406, 410 (Bankr. N.D.Ohio 1999); *Yoppolo v. Walter (In re Walter),* 265 B.R. 753, 758 (Bankr. N.D.Ohio 2001).

 For purposes of federal law, a person will be found in civil contempt when all of the following three elements are met by clear and convincing evidence:

(1) the alleged contemnor had knowledge of the order which he is said to have violated;

(2) the alleged contemnor did in fact violate the order; and

(3) the order violated must have been specific and definite.

*In re Magack,* 247 B.R. at 410 *citing Glover v. Johnson,* 138 F.3d 229, 244 (6th Cir.1998). As applied to this case, it is clear, for the reasons set forth below, that all of these elements have been met.

 First, as it applies to the first of the above requirements, the Debtor acknowledged that she received a copy of this Court's order for turnover. Additionally, the Debtor does not in the least deny that in contravention to the second element, she has failed to turn over her income tax refund, thereby placing the Debtor in violation of the order. Finally, considering the directness of this Court's order regarding the Debtor's requirement to turn over her income tax refunds, there is simply no doubt that the Order, as it applies to the last portion of the above civil contempt test, was sufficiently specific and definite.

 Nevertheless, despite the above elements being satisfied, impossibility or an inability to comply with a judicial order is still a valid defense to a charge of civil contempt. *United States v. Bryan,* 339 U.S. 323, 330–334, 70 S.Ct. 724, 730–732, 94 L.Ed. 884 (1950). In this case, however, such a situation does not exist. This is because the Debtor, while fully aware that she would probably be required to turnover at least a portion of her income tax refund, nevertheless decided to spend the refund. In addition, after spending the refund, the Debtor made no further attempt to comply with this Court order. It is noted for example, that even after being contacted by the Trustee, the Debtor did not attempt to make arrangements to pay her obligation.

 In making the above statements, the Court is not trying to imply that it does not sympathize with the Debtor's situation. However, in order to find an inability to comply with a court order it must

**420**

be shown that the alleged contemnor was reasonably diligent and energetic in attempting to comply with the court's mandate by taking all reasonable steps within his or her power to ensure compliance. *See Palmigiano v. DiPrete,* 710 F.Supp. 875, 882 (D.R.I.1989) (crux of impossibility defense is a lack of power to carry out the orders of a court due to circumstances beyond one's control). For example, in the context of a tax refund, an inability to comply with a court's order could be found if the debtor never received the refund. On the other hand, while a debtor may need to spend his or her tax refund on certain necessities, such a position does not equate with impossibility or an inability to comply with a court order.

In summation, the Court finds that the Debtor refused to comply with an Order of this Court within the meaning of 11 U.S.C. § 727(a)(6)(A). In addition, the facts presented in the case do not show that the Debtor's failure to obey the Court's Order of turnover was defensible on the basis of impossibility or an inability to comply. Accordingly, the Court finds that the Debtor's bankruptcy discharge should be revoked in accordance with 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the bankruptcy discharge of the Debtor, Carol Meyers, be, and is hereby, Revoked pursuant to 11 U.S.C. § 727(d)(3) and 11 U.S.C. § 727(a)(6)(A).

It is **FURTHER ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order upon the Debtor, Attorney for Debtor, the Trustee, and all the Creditors and Parties in interest.