**In re James/Angela FREEMAN, Debtors.**

**Louis Yoppolo, Trustee, Plaintiff,**

v.

**James Freeman, et al, Defendant.**

**Nos. 02–3189, 00–35086.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 22, 2002.

Lafe Tolliver, Toledo, OH, for Defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

The cause comes before the Court after a Trial on the Plaintiff/Trustee's Complaint to Revoke the Debtors' Discharge. The Trustee brings his Complaint to Revoke Discharge pursuant to subsection (d)(3) of § 727, which provides for the revocation of a debtor's discharge when the debtor has committed any of the acts specified in § 727(a)(6) of the Bankruptcy Code. In turn, § 727(a)(6)(A) provides that a debtor's discharge shall be denied when the debtor "has refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify."

In support of his position under the above statutory exceptions to discharge,

the Trustee introduced into evidence various documents, none of which were controverted by the Debtors or their attorney who were not in attendance at the Trial. In addition, the Court adopted into evidence a document which was attached to the Debtors' previously filed Motion for Continuance. From this evidence, and from the arguments put forth by the Trustee, the Court, in accordance with Bankruptcy Rule 7052, makes the following findings of fact:

On November 30, 2000, the Debtors filed a petition under Chapter 7 of the United States Bankruptcy Code.

On January 24, 2001, the Trustee, at the 341 meeting of creditors, made an oral demand that the Debtors turnover certain stock listed by the Debtors' in their bankruptcy petition.

On January 30, 2001, the Trustee filed a "Motion for Turnover" which was subsequently granted by the Court pursuant to an order entered on February 13, 2001; in this Order it was set forth, among other things, that the Debtors were to turnover "[a]ny and all shares of Ameritech stock owned by James R. and/or Angela C. Freeman."

On April 6, 2001, the Debtors were granted a discharge.

On June 7, 2002, the Trustee, having yet to receive the items set forth in this Court's Order for Turnover, filed the instant Complaint seeking to Revoke the Debtors' Discharge.

On October 28, 2002, the Debtors sent a fax to their attorney regarding the Court's order for turnover where it was stated that their shares of Ameritech stock had been sold on December 28, 2001. None of the proceeds received from this transaction have been turned over to the Trustee.

In the months following the Court's order for turnover, the stock price of Ameritech has steadily declined.

## DISCUSSION

The instant complaint involves whether a debtor's discharge should be revoked pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). Pursuant to 11 U.S.C. § 157(b)(2)(J), this matter is deemed a core proceeding over which this Court has the jurisdictional authority to enter final orders. 28 U.S.C. § 1334.

In order to protect the integrity of the Bankruptcy process, § 727(a)(6)(A) provides that a debtor who refuses to obey any lawful order of the court, must be denied a discharge in bankruptcy. The specific language of this section provides:

(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

As used in § 727(a)(6)(A), however, the word "refused" must be distinguished from the word "failed" which is used elsewhere in § 727(a), the former presupposing at least some knowledge on the part of the debtor. In this regard, this Court, as well as others, has held that a debtor will be found to have "refused" to obey a court order under § 727(a)(6)(A), when the debtor's inaction would give rise to a charge of civil contempt. *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D.Ohio 1999); *Yoppolo v. Walter (In re Walter)*, 265 B.R. 753, 758 (Bankr. N.D.Ohio 2001).

For purposes of federal law, a person will be found in civil contempt when all of the following three elements are met by clear and convincing evidence:

(1) the alleged contemnor had knowledge of the order which he is said to have violated;

(2) the alleged contemnor did in fact violate the order; and

(3) the order violated must have been specific and definite.

*In re Magack,* 247 B.R. at 410 *citing Glover v. Johnson,* 138 F.3d 229, 244 (6th Cir.1998). As applied to this case, it is clear that all of these elements have been met.

■ First, there is no dispute that the Debtors wrote a letter to their attorney regarding this Court's order for turnover. Consequently, there is no reasonable doubt, in conformance with the first of the above considerations, that the Debtors had knowledge of this Court's order. Similarly, the Debtors, through their correspondence with their attorney, also clearly admitted that they sold the Ameritech stock, thus establishing that they did, in fact, violate this Court's order for turnover. Finally, considering the directness of this Court's order regarding the Debtors' Ameritech stock, there is simply no doubt that the Order, as it applies to the last portion of the above civil contempt test, was sufficiently specific and definite.

■ Nevertheless, despite the above elements being satisfied, impossibility or an inability to comply with a judicial order is still a valid defense to a charge of civil contempt. *United States v. Bryan,* 339 U.S. 323, 330–334, 70 S.Ct. 724, 730–732, 94 L.Ed. 884 (1950). Such a defense is, however, only effective where after using due diligence the person, through no fault of their own, is still unable to comply with the order. In other words, the contemnor must establish that he has been reasonably diligent and energetic in attempting to comply with the court's mandate by taking all reasonable steps within his power to ensure compliance. *See Palmigiano v. Di-*

*Prete,* 710 F.Supp. 875, 882 (D.R.I.1989) (crux of impossibility defense is a lack of power to carry out the orders of a court due to circumstances beyond one's control).

In this case, however, the above defense to a charge of contempt does not apply as it is clear that the Debtors retained their shares of Ameritech stock at the time the Court issued its order for turnover. As a result, the Debtors clearly had the ability to comply with this Court's order. Moreover, the Debtor's conduct is even more egregious—and possibly raises a potential cause of action under § 727(a)(2)(B) which addresses a debtor's postpetition transfers of property of the estate—considering that the Debtors disposed of their Ameritech stock after receiving this Court's order for turnover.

In summation, the Court finds that the Debtors refused to comply with an Order of this Court in contravention to 11 U.S.C. § 727(a)(6)(A). In addition, the facts presented in the case do not show that the Debtors' failure to obey the Court's Order of turnover was defensible on the basis of impossibility or an inability to comply. Accordingly, the Court finds that the Debtors' bankruptcy discharge should be revoked in accordance with 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the bankruptcy discharge of the Debtors, James Freeman and Angela Freeman, be, and is hereby, Revoked pursuant to 11 U.S.C. § 727(d)(3) and 11 U.S.C. § 727(a)(6)(A).

It is **FURTHER ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a no-

tice of this Order upon the Debtor, the Trustee, and all the Creditors and Parties in interest.